UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely; <br> *a.k.a. James Gatewood Blakely;* <br> *a.k.a. Jimmy G. Blakely;* <br> Douglas J. Hill, <br><br> Plaintiffs, <br><br> vs. <br><br> Ann Hallman, Chief Grievance Coordinator; <br> Vera Jenkins, Grievance Coordinator; <br> W. C. McCabe, Warden; <br> Lt. Leslie Davis; <br> Ms. Monette, Business Office, <br><br> Defendants. | C/A No.: 5:12-01289-TMC-KDW <br><br><br><br><br><br><br><br> ORDER |

This is a civil rights action filed by two state prisoners, proceeding *pro se*. The Fourth Circuit has held that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(holding that a prisoner, proceeding *pro se,* cannot represent other prisoners in a class action); *see also Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981)(suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Therefore, to the extent Plaintiffs wish to bring a class action lawsuit, they cannot do so.

Although this case cannot proceed as a class action lawsuit, the complaint has been signed by two prisoners, indicating a desire to litigate issues concerning the conditions of their confinement. Because the Plaintiffs are prisoners, the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), applies to this case. The PLRA requires prisoners to pay the full three

hundred and fifty dollar ($350.00) filing fee for a civil action, as funds are available, although the fee may be paid in installments. 28 U.S.C. § 1915(b); *Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006). The Fourth Circuit has not addressed the issue of payment of fees in a case filed by multiple plaintiffs subject to the PLRA. However, the undersigned is persuaded by the reasoning of the Eleventh Circuit in *Hubbard v. Haley,* 262 F.3d 1194, 1197-98 (11th Cir. 2001), which held that multiple prisoners are not allowed to join together in a single lawsuit. Because the PLRA's requirement, that a prisoner pay the full fee for filing a lawsuit, would be circumvented in a multiple plaintiff case subject to the PLRA, the *Hubbard* court found that it was appropriate to sever the claims and require each prisoner to file a separate lawsuit. *Id.* at 1198.[1]

**Accordingly, the undersigned concludes that the claims of the two Plaintiffs in the instant action should be separated for initial review.**

**TO THE CLERK OF COURT:**

The above-captioned case shall appertain only to the first named Plaintiff, James G. Blakely, also known as James Gatewood Blakely and Jimmy G. Blakely. Therefore, the Clerk of Court is directed to remove Douglas J. Hill as a plaintiff in the above-referenced case, and to terminate his motion to proceed *in forma pauperis* in this action. The Clerk of Court is further directed to assign a separate civil action number to Plaintiff Douglas J. Hill. The Clerk of Court shall file this Order as the initial docket entry in the newly created case, and shall re-file the instant complaint, and

---

[1] A prisoner must also exhaust administrative remedies prior to filing suit for civil rights violations. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006);*Porter v. Nussle*, 534 U.S. 516, 524 (2002). Just as payment of one filing fee does not cover multiple plaintiffs under the PLRA, exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for all of the plaintiffs.

Plaintiff Douglas J. Hill's motion for leave to proceed *in forma pauperis*, as subsequent docket entries in the newly created action. The Defendants in the newly created case will be the same Defendants listed in the above-captioned case. The Clerk of Court is authorized to determine the most efficient way and time for assigning and entering the new case number, party information, and pleading information on the court's electronic case management system.

After the new case is docketed, the assigned Magistrate Judge is authorized to issue orders pursuant to the General Order issued in *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), and conduct initial reviews in compliance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

May 30, 2012                                                                                    s/Timothy M. Cain
Greenville, South Carolina                                                          United States District Judge