IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas J. Hill, ) | C/A No. 5:12-01428-TMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Ann Hallman, Chief Grievance Coordinator; ) | |
| Vera Jenkins, Grievance Clerk, Lieber Corr. Inst.; ) | |
| W.C. McCabe, Warden, Lieber Corr. Inst.; ) | |
| Lt. Leslie Davis, Lieber Corr. Inst.; ) | Report and Recommendation |
| R. Monette, Business Office, Lieber Corr. Inst.; ) | for Partial Summary Dismissal |
| T. Nettles, Major, Lieber Corr. Inst.; ) | |
| A/W McFadden, Lieber Corr. Inst., ) | |
| ) | |
| Defendants, ) | |
| ) | |

Douglas J. Hill ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)DSC. Plaintiff, who is incarcerated at Lieber Correctional Institution, files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint and Amended Complaint in accordance with applicable law, the undersigned concludes that the case should be summarily dismissed without prejudice and without issuance and service of process as to Defendants Hallman, Jenkins, McCabe, Monette, Nettles, and McFadden. In a separately docketed order, the undersigned has authorized service against Defendant Davis.

**Pro Se Review**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se complaint and amended complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform

Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 631 n.1 (4th Cir. 2003). Even under this less stringent standard, this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a case in which a litigant seeks to proceed *in forma pauperis* at any time it determines the action is frivolous or fails to state a claim on which relief may be granted. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990).

## **Background**

The originally submitted complaint in this case contained the claims and signatures of two state prisoners. ECF No. 2. Therefore, on May 30, 2012, the court issued an order directing the Clerk of Court to assign separate civil action numbers to each of the cases. ECF No. 1. By order issued on June 1, 2012, Plaintiff was directed to bring this case into proper form for initial review by submitting service documents and an amended complaint form. ECF No. 10. Plaintiff has complied with the court's order. ECF No. 13.

The Amended Complaint alleges that defendant Lt. Leslie Davis "wrongfully and wantonly sprayed Plaintiff with mace while Plaintiff was locked and confined in his cell. This was done

2

deliberately and out of cruelty." ECF No. 13 at 3. Defendant Davis then "charged Plaintiff with disobeying a directive." *Id.* Plaintiff claims that Defendant Major Nettles later "realized that Lt. Davis' charge would not justify the use of mace on Plaintiff [and] raised the charge to Threaten to Inflict harm." *Id.* Plaintiff states that he filed a grievance seeking transfer to a different institution and Defendant Vera Jenkins "deliberately misconstrued Plaintiff's grievance and again charged Plaintiff with the same charge." *Id.* The amended pleading claims that his grievance "was not a threat and cannot be characterized as a threat." *Id.* at 4. While not discussed in the body of the Amended Complaint, Defendant Ann Hallman is named in Plaintiff's original complaint for refusing to process and return grievances. ECF No. 2-1 at 8. Plaintiff alleges that Defendant McCabe has the power to correct the wrongful actions of his staff, but has "confirmed this wrongdoing to Plaintiff." ECF No. 13 at 4. Finally, the Amended Complaint claims that Defendant R. Monette has refused to provide Plaintiff with legal material. *Id.* Defendant Monette and Defendant McFadden also allegedly require Plaintiff to pre-sign debit forms, then fail to provide the requested legal materials. *Id.* Plaintiff seeks monetary damages against Defendants. *Id.* at 4-5.

## **Analysis**

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While Plaintiff provides sufficient factual information to

withstand summary dismissal of his excessive force claim against Defendant Davis, his claims against the remaining Defendants are subject to summary dismissal.

As an initial matter, the Amended Complaint claims that the Defendants have violated Plaintiff's constitutional rights by refusing to properly process his institutional grievances. Specifically, Plaintiff claims that Defendant Jenkins deliberately misconstrued one of his grievance forms. ECF No. 13 at 3. However, inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Blagman v. White*, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000) (finding inmate has no constitutional entitlement to grievance procedure); *Robinson v. S.C. Dept. of Corrections*, C/A No. 5:10-2593-HMH-KDW, 2012 WL 851103 at *8 (D.S.C. Jan. 31, 2012). Therefore, Plaintiff's allegations regarding Defendants' alleged failure to process institutional grievances are not cognizable under 42 U.S.C. § 1983. As such, these claims are subject to summary dismissal.

The amended pleading further alleges that Defendants' failure to properly process Plaintiff's grievances, and failure to provide legal materials, constitutes denial of court access. It is well established that, to state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Michau v. Charleston Co.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding sua sponte dismissal appropriate when the plaintiff did not explain how he was injured by any limitations on his access to a law library); *see also Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any

4

actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (Prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access."). The pleadings filed in this case provide no facts to demonstrate that Defendants' alleged refusal to provide legal materials or the alleged refusal to process Plaintiff's grievances, have prejudiced any pending civil action filed by Plaintiff. Because Plaintiff fails to allege that Defendants' actions resulted in any "actual injury" or impediment to a non-frivolous legal action, his denial of court access claim is also subject to summary dismissal.

Plaintiff next alleges that Defendants Monette and McFadden require Plaintiff to pre-sign debit forms, and that Defendant Monette is wrongfully debiting Plaintiff's account for legal materials that are not provided. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983. *See DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989) (§ 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, an *intentional* deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available.[1] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of*

---

[1] In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a

*Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4thCir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). In the instant action, Plaintiff complains that money has been intentionally and wrongfully debited from his prisoner account. Because Plaintiff has a meaningful post-deprivation remedy available at state law, his deprivation of property claim should be dismissed for failure to state a claim upon which relief may be granted.

Finally, Plaintiff claims that allegedly false disciplinary charges were accepted by a disciplinary hearing officer (DHO). ECF No. 2-1 at 6. Plaintiff alternately claims that he was found guilty of the infraction on the basis of no evidence or "very questionable" evidence. *Id.* at 6, 8. It is true that disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974). However, Plaintiff's pleadings contain no facts to indicate that Plaintiff was denied any of the safeguards required for inmate disciplinary proceedings. *Id.*; *see also Baxter v. Palmigiano*, 425 U.S. 308 (1976) (discussing limited range of inmate rights in prison disciplinary proceedings). Further, to prevail on a due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the

---

post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).

ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). In the case *sub judice*, Plaintiff has made no allegations or representations to the court that his disciplinary conviction resulted in an increase in the sentence imposed. Nor does Plaintiff allege that the disciplinary conviction imposed an atypical or significant hardship. Thus, Plaintiff has failed to show that the disciplinary conviction enhanced Plaintiff's sentence in such a way as to implicate a protected liberty interest, and give rise to the protection of the Due Process Clause by its own force. *See, e.g., Beverati*, 120 F.3d at 502 (confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause by its own force, and inmates did not possess a liberty interest in avoiding administrative segregation). As such, Plaintiff's claim that he was denied the right to due process during his disciplinary proceedings should fail.

### **Recommendation**

Accordingly, it is recommended that the following Defendants be dismissed from this case without prejudice and without issuance and service of process: Hallman, Jenkins, McCabe, Monette, Nettles, and McFadden.

IT IS SO RECOMMENDED.

July 2, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).