IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas J. Hill, | ) Civil Action No.: 5:12-1428-MGL |
| Plaintiff, | ) |
| vs. | ) **ORDER AND OPINION** |
| Ann Hallman, Chief Grievance Coordinator; Vera Jenkins, Grievance Clerk, Lieber Corr. Inst.; W.C. McCabe, Warden, Lieber Corr. Inst.; Lt. Leslie Davis, Lieber Corr. Inst.; R. Monette, Business Office, Lieber Corr. Inst.; T. Nettles, Major, Lieber Corr. Inst.; A/W McFadden, Lieber Corr. Inst., | ) |
| Defendants. | ) |

Pro se Plaintiff Douglas J. Hill ("Plaintiff"), a state prisoner currently housed at the Kirkland Correctional Institution of the South Carolina Department of Corrections in Columbia, South Carolina brings this action pursuant to 42 U.S.C. § 1983. The originally submitted complaint in this case contained the claims and signatures of two state prisoners concerning certain alleged incidents which took place at Lieber Correctional Institution. (ECF No. 2.) Therefore, on May 30, 2012, the court issued an order directing the Clerk of Court to assign separate civil action numbers to each of the cases. (ECF No. 1.) By order issued on June 1, 2012, Plaintiff was directed to bring this case into proper form for initial review by submitting service documents and an amended complaint form. (ECF No. 10.) Plaintiff complied with the court's order and the court now addresses Plaintiff's Complaint and Amended Complaint. (ECF No. 13.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On July 2, 2012, Magistrate Judge West issued a Report and Recommendation recommending *inter alia* that the court dismiss the following Defendants from this case without prejudice and without issuance and service of process: Hallman, Jenkins, McCabe, Monette, Nettles, and McFadden. The Report and

Recommendation states that the complaint failed to state a cognizable claim upon which relief can be granted by this court as to those defendants. (ECF No. 19.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 19 at 8.) Plaintiff has filed no objections and the time for doing so expired on July 20, 2012. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED without prejudice and without issuance and service of process as to the following Defendants: Hallman, Jenkins, McCabe, Monette, Nettles, and McFadden.

IT IS SO ORDERED.

s/Mary G. Lewis<br>United States District Judge

November 13, 2012
Spartanburg, South Carolina